IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BONESTROO, ROSENE, ANDERLIK & )
ASSOCIATES, INC., )
)
Plaintiff, )
)
v. ) No. 05 C 2184
)
ROBERT J. DEVERY, )
)
Defendant. )

## MEMORANDUM ORDER

Robert Devery ("Devery") has just filed his Answer to the First Amended Complaint ("FAC") filed against him by Bonestroo, Rosene, Anderlik & Associates, Inc. ("Bonestroo"). This memorandum order is issued sua sponte to require Devery's counsel to cure one pervasive flaw in that responsive pleading.

Even though Answer ¶9 accurately reflects the awareness of Devery's counsel as to the demands of the second sentence of Fed. R. Civ. P. ("Rule") 8(b) as the predicate for getting the benefit of a deemed denial (see App. ¶1 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001)), the rest of the responsive pleading inexplicably departs from that proper usage: Answer ¶¶18, 19, 26, 35, 40, 46, 51, 56 and 57 disclaim only knowledge, rather than information, sufficient to form a belief as to the truth of Bonestroo's corresponding allegations. By definition knowledge is harder to come by than information, so that one could well have enough information to form a belief even in the absence of outright knowledge.

Accordingly all of those paragraphs of Devery's Answer are stricken, but with leave granted to replead to those paragraphs of the FAC by a filing in this Court's chambers on or before September 23, 2005 (with a copy to be transmitted contemporaneously to Bonestroo's counsel), including proper Rule 8(b) disclaimers only where that can be done in the objective good faith demanded by Rule 11(b). In all events, however, the oxymoronic "and therefore denies same" must be omitted from that repleading--how can an inability to plead to an allegation because of lack of information sufficient to form a belief as to its truth be coupled with a denial of the same allegation?

_____
Milton I. Shadur
Senior United States District Judge

Date: September 12, 2005