IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BONESTROO, ROSENE, ANDERLIK & )
ASSOCIATES, INC., )
)
Plaintiff, )
)
v. ) No. 05 C 2184
)
ROBERT J. DEVERY, )
)
Defendant. )

MEMORANDUM ORDER

When the lawyers for the parties were last before this Court on January 27, 2006, it invited the counsel for plaintiff Bonestroo, Rosene, Anderlik & Associates, Inc. ("Bonestroo") to submit supplemental authority under Minnesota law on two questions that this Court viewed as posed by the summary judgment motion brought by defendant Robert Devery. Bonestroo's counsel promptly responded with a Supplemental Memorandum of Law ("S. Mem."), which counsel said called for an affirmative answer to both questions that this Court had posed.

But regrettably an examination of the "authorities" tendered by Bonestroo's counsel recalls Horace's pungent aphorism in his Ars Poetica:

Parturient montes, nascetur ridiculus mus.[1]

That has been variously translated, but the most common English

---

[1] Bartlett's Familiar Quotations ascribes a centuries-earlier version of the same aphorism to one of Aesop's Fables (The Mountains in Labour), with still another version appearing post-Horace in Phaedrus' Fables (Book IV, Fable 22, 1).

version is "The lab'ring mountain scarce brings forth a mouse"--in this case perhaps two mice.

Even apart from some obvious substantive flaws in the contention that Bonestroo's cited cases direct the outcome in this case, both of the principal citations relied on--<u>Polk County v. Widseth Smith Nolting</u>, No. A04-681, 2004 WL 2940847 (Minn. App. Dec. 21) and <u>Workers Compensation Recovery, Inc. v. Marvin</u>, No. A03-1549, 2004 WL 1244404 (Minn. App. June 8)--share the difficulty that those opinions are unpublished. And as the printouts of those opinions from Westlaw and Lexis clearly reflect, that fact imposes a sharp limitation on their use: Minn. Stat. Ann. §480A.08 states expressly:

> Unpublished opinions of the court of appeals are not precedential.

Federal Courts of Appeals are currently wrestling with the problem of unpublished and uncitable opinions, a problem that may well result in a modification of the Federal Rules of Appellate Procedure. But what is clear is that in every court--whether in Minnesota or in any Circuit that has a rule comparable to Minnesota's (and this Seventh Circuit is one of them)--by definition nonprecedential opinions do <u>not</u> state the law. That being the case, a search of wider scope, turning to other jurisdictions, must take place to provide the necessary input that would enable this Court to determine how the Minnesota Supreme Court would be likely to rule on the issues posed by this Court. And this time both parties' counsel are invited to

provide that input on or before February 21, 2006.

                                             _____
                                             Milton I. Shadur
                                             Senior United States District Judge

Date:   February 8, 2006