IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Bonestroo, Rosene, Anderlik    )
& Associates, Inc., a          )
Minnesota corporation,         )
                               )
            Plaintiff,         )
                               )
        v.                     )    No. 05 C 2184
                               )
Robert J. Devery,              )
                               )
            Defendant.         )

MEMORANDUM ORDER

Each party to this ready-for-trial action -- plaintiff

Bonestroo, Rosene, Anderlik & Associates, Inc. ("Bonestroo") and

defendant Robert J. Devery ("Devery") -- has filed a motion or

motions in limine and has now responded to the adversary's

motions or motions.  This memorandum order will resolve the

issues that the parties have posed in their respective motions

and responses.

Bonestroo's Motion

Bonestroo has moved to preclude evidence by Devery (1)

"explaining his motive for entering into the Agreements" that the

parties executed in January 2004 and (2) as Bonestroo puts it,

"that one client whom [Devery] improperly solicited would have

terminated Bonestroo anyway."  Devery's extended response opens

by stating that "[n]either request has merit," and this Court

finds that to be true when Devery's reasons for offering the

disputed evidence are properly understood.

As to the first of the questioned matters, any reference to Devery's "motive" is inapropos when the facts are viewed in terms of Devery's theory of the case, which is the necessary perspective when it comes to the admissibility of evidence that he hopes to offer. Devery claims that he was fired by Bonestroo, and evidence to that effect is essential to his presentation of defenses to Bonestroo's claim. If this Court as the factfinder in the anticipated bench trial were to credit Devery's position, that could well impact on this Court's consideration of the merits.

As for the second Bonestroo contention, it is pegged on the notion that the objected-to evidence bears only on damages and would therefore be premature at this time (it has been agreed by the parties to bifurcate the action between liability and damages, with only the former being at issue presently). But Devery's Response at 10-14 demonstrates otherwise, with the proposed evidence having potential merits-related import.

In sum, Bonestroo's motion in limine (Dkt. 78) is denied in its entirety. This opinion turns then to Devery's several motions in limine.

<u>Devery's Motions</u>

Bonestroo has replied very briefly to Devery's four motions in limine, because it turns out that three of the four are really not controverted. This opinion will accordingly simply identify

the noncontroverted motions before turning to a discussion of the other one:

1. Because Bonestroo has stated it does not intend to argue that Devery solicited work from Round Lake Park in violation of his covenant not to compete, Deverey's motion in that respect (Dkt. 70) is granted.

2. Because at an earlier stage of the case Bonestroo has withdrawn any claim as to Devery's solicitation and hiring of its employees, Devery's motion in that respect is unnecessary. Accordingly that otherwise grantable motion (Dkt. 74) is denied as moot.

3. Bonestroo has also stated it has no intention of offering any evidence that it provided Devery with written notice of his asserted failure to perform satisfactorily any duties assigned to him under the parties' Independent Contractor Agreement. Hence Devery's motion in that respect (Dkt. 76) is also granted.

That leaves for consideration only Devery's motion to bar evidence that he assertedly failed to give fair consideration to retaining Bonestroo for engineering services on behalf of Round Lake Beach. It appears from Bonestroo's response that its counsel goofed in the course of preparing interrogatory responses due to the similarity of the names Round Lake <u>Beach</u> and Round

Lake <u>Park</u>.  Because Bonestroo's counsel consequently gave different responses when answering two sets of discovery requests made by Devery, one of those answers incorrectly indicated an admission on its part that no such claim was being made.  This Court will not hold Bonestroo to that mistaken response, and Devery's motion (Dkt. 72) is denied.

<u>Conclusion</u>

Bonestroo's motion in limine (Dkt. 78) is denied.  As for Devery's motions in limine:

1.    Dkt. 70 and 76 are granted.

2.    Dkt. 74 is denied as moot.

3.    Dkt. 72 is denied.

_____
Milton I. Shadur
Senior United States District Judge

Date:    March 30, 2007

4